BOTTOM *vs.* BREED.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT.

A sheriff is responsible to a plaintiff in execution, if he know of property belonging to the debtor and neglect to seize it.

Where the justice of the peace names in the writ the person who is to execute it, the latter is in that instance an officer *de facto,* and may properly be presumed to have been such *de jure.*

A constable's deed is proper evidence without having been recorded, and the recording of it adds nothing to its force and effect.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

This suit is brought to recover damages from a sheriff, for misfeiasance or neglect of duty, in the exercise of his office. Judgement of nonsuit was rendered, from which the plaintiff appealed.

The misfeasance or neglect alleged against the defendant, has relation to an execution which issued on a twelve month's bond. The plaintiff had obtained a judgement against two persons, Burlin and Paris Childress, on which a *fi. fa.* issued and property was seized, which was finally sold on a credit of twelve months. At this sale, Burlin Childress, one of the defendants in execution, became the purchaser, and gave bond, as required by law, with one J. Killion as his surety. A *fieri facias* issued on the bond aforesaid, against the principal and surety, on which the sheriff returned, no property found. Afterwards an *alias* was sued out, on which the same return was made. The facts alleged as demonstrative of the misconduct of the officer are, his knowledge of property belonging both to the principal and surety in the bond. The evidence of the case does, perhaps, establish facts affording

BOTTOM
*vs.*
BREED.

A sheriff is responsible to a plaintiff in execution, if he know of property belonging to the debtor and neglect to seize it.

*prima facie* proof that the officer did know of property belonging to the defendants in execution, sufficient to satisfy the plaintiff's demand, as shown by the assessment rolls of the parish, and by the testimony of Killion, who testified that the deputy sheriff Kemp, in whose hands the execution was, did know that he, the witness, who is the surety in the bond, had property, &c. Under these circumstances it was the duty of the officer to seize, according to the *art.* 643 *of the Code of Practice;* and by neglecting to perform this duty, rendered himself responsible in damages to the plaintiff, unless an excuse for his nonfeasance be found in that part of the answer which alleges that the plaintiff ceased to have any interest in or right to the twelve months bond before the execution issued. Previous to that time, it is shown by the evidence that this bond had been seized and sold as his property, under an execution directed to a constable by a justice of the peace. The deed of sale made by this officer was offered and received in evidence, under a bill of exceptions. It seems to have been made to Paris Childress, to whom the bond had been adjudicated. The exception was taken to the admissibility of this document, on several grounds: 1. Because it did not appear that the sale was made by a legal officer. 2. That the act

Where the justice of the peace names, in the writ, the person who is to execute it, the latter is, in that instance, an officer *de facto,* and may properly be presumed to have been such *de jure.*

A constable's deed is proper evidence without having been recorded, and the recording of it adds nothing to its force and effect.

of sale does not appear to have been recorded. 3. That no judgement is shown, on which the execution could issue, &c. We are of opinion that these reasons ought not to have prevailed against the introduction of this piece of evidence. The person who executed the process of the justice of the peace was recognized by him as a constable in the writ, being named therein, and was, therefore, in this instance, an officer *de facto,* and properly may be presumed to be have been such *de jure.* So far from any legal objection existing to the constable's deed on account of not having been recorded, it seems, according to the *art.* 695 *of the Code of Practice,* that an act of that kind would have added nothing to the force and effect of the adjudication, which is shown, by the recital in the deed, to have taken place. The judgement and *fi. fa.* issued thereon, both appear in the evidence of the case. The third

ground of objection, therefore, fails. The right, title and interest of the plaintiff in the twelve months bond having been, by the constable's sale, transferred to the purchaser, the former could not legally order out an execution on it. In all events, having no interest in it, he cannot have suffered injury by the conduct of the sheriff proceeding on the execution.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.